**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4695**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JAMES S. WOLFE,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:10-cr-00002-IMK-1)

Submitted: March 2, 2012                    Decided: March 9, 2012

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Kristen Leddy, Research and Writing Specialist, Martinsburg, West Virginia; L. Richard Walker, Clarksburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Randolph J. Bernard, John C. Parr, Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James S. Wolfe appeals the 87-month sentence imposed following his guilty plea to possession of child pornography, in violation of 18 U.S.C.A. § 2252A(a)(5)(B) (West & Supp. 2011). On appeal, Wolfe argues that the district court imposed an unreasonable sentence. The Government filed a responsive brief, arguing that this court should dismiss Wolfe's appeal based on the appellate waiver in his plea agreement. We conclude that Wolfe knowingly and intelligently waived his right to appeal and that the issue raised on appeal falls within the scope of his waiver. We therefore dismiss Wolfe's appeal.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review the validity of an appellate waiver de novo and will uphold a waiver of appellate rights if the waiver is knowing and intelligent and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). In determining whether a waiver is knowing and intelligent, we examine the totality of the circumstances, Manigan, 592 F.3d at 627, including "the background, experience, and conduct of the accused," United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (internal quotation marks omitted).

Our review of the record leads us to conclude that Wolfe knowingly and intelligently waived his right to appeal a sentence of 120 months or less. Because we conclude that Wolfe's challenge to his eighty-seven-month sentence falls within the scope of the waiver, we dismiss his appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>